O

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **KATHY WILSON** | § | |
| **et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. V-03-101** |
| | § | |
| **THE HERTZ CORPORATION AND** | § | |
| **HERTZ LOCAL EDITION** | § | |
| **CORPORATION** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER**

Pending before the Court is Plaintiffs' Motion for Notice to Potential Class Members. (Dkt. # 52). The Court, having reviewed the motion, the responses of the parties, and the applicable law, is of the opinion that the motion should be granted in part and denied in part as outlined below.

**Factual and Procedural Background**

Plaintiffs were employed by Defendants under the job title of "Branch Manager," primarily those operating under the Hertz Local Edition label. Plaintiffs allege that the normal workweek of a Branch Manager was in excess of forty (40) hours. Plaintiffs allege that they were not compensated for the overtime hours they were required to work. Plaintiffs further allege that, while they held the position of "Branch Manager," their job duties were largely identical to those of hourly employees. These duties, according to Plaintiffs, included cleaning, vacuuming, washing, and refueling cars, driving cars from one location to another, delivering cars to customers, picking up customers and waiting on customers at the counter. Plaintiffs allege that they were also required to perform menial tasks usually performed by hourly employees at other larger branches such as cleaning toilets, washing

windows, and changing light bulbs.

As a result of these additional responsibilities, Plaintiffs assert that their job duties did not consist of work directly related to management policies or general business operations. Plaintiffs further allege that they were given no real managerial authority over their individual branches, arguing that they did not have the ability to hire and fire employees, approve raises, bonuses or promotions, or sign checks. Instead, Plaintiffs maintain that all decisions requiring an exercise of discretion and independent judgment were made by the "City Manager," who managed all of the branches, or a higher authority.

Plaintiffs Kathy Wilson, Evette Berel, Susan Dockray and Ronald Boncler filed the pending suit on August 28, 2003, on behalf of themselves and those similarly situated, alleging that Defendant Hertz Local Edition Corporation had violated the Fair Labor Standards Act ("FLSA"). Once the lawsuit was filed, the Court began receiving documents titled "Consent to File Lawsuit and Join Collective Action" by other individuals claiming to have been denied overtime compensation in violation of the FLSA while employed as Branch Managers at Hertz Local Edition. On October 22, 2004, the Court issued an order granting Defendant Hertz Local Edition's motion for consolidation. As a result, The Hertz Corporation was added as a Defendant and numerous individuals were added as Plaintiffs. Plaintiffs allege that they are aware of other employees also assigned positions similar to theirs that had the same or similar job duties and were required to work more than forty (40) hours a week without receiving overtime.

The pending motion for notice to potential class members requests that the Court authorize the proposed notice, attached to the motion as Exhibit A, to all current and former Branch Managers (or their equivalents) employed by Hertz during the time period of September 1, 2000 to present who were not paid overtime, at time and a half, for hours worked in excess of forty in any given

workweek.[1] Plaintiffs further request that the Court impose a deadline of ninety (90) days from the date of receipt of the notices within which time new plaintiffs can "opt-in" to this collective action.

### Discussion

Section 16(b) of the FLSA permits an employee to bring an action against her employer "[on] behalf of [her]self . . . and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to such an action unless [s]he gives [her] consent in writing to become a party and such consent is filed in the court in which such action is brought." *Id.* Thus, unlike a class action under Rule 23 of the Federal Rules of Civil Procedure, a representative action under § 16(b) "follows an 'opt-in' rather than an 'opt-out' procedure." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). *See also Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003).

"[D]istrict courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 486, 107 L.Ed.2d 480 (1989). While the Fifth Circuit has not directly addressed the meaning of "similarly situated" in this context, it has reviewed two methods used to resolve the issue. *See Villatoro*, 286 F. Supp. 2d at 809. The first method involves the two-stage class certification set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D. N.J. 1987). *See Mooney*, 54 F.3d at 1213. The second method, typified by *Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990), treats the "similarly situated" inquiry as coextensive with Rule 23 class certification. *See Mooney*, 54 F.3d at 1214. Although the Fifth Circuit did not endorse or sanction a particular methodology in *Mooney*,

---

[1]Plaintiffs' reply to Defendants' response to the motion for notice limited the potential class members to individuals employed within Hertz's Southwest Region, which is comprised of Texas, Louisiana and Mississippi.

it has elsewhere referred to Rule 23 and FLSA § 16(b) actions as "mutually exclusive and irreconcilable." *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975). As noted in *Villatoro*, other circuits have indicated that Rule 23 requirements do not apply to § 16(b) collective actions. *See Villatoro*, 286 F. Supp. 2d at 809- 10 (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 n. 12 (11th Cir. 1996); *King v. Gen. Elec. Co.*, 960 F.2d 617, 621 (7th Cir. 1992)). The Court will apply the two-stage method.

The two-stage approach contains a "notice" stage and a "decertification" stage. *See Mooney*, 54 F.3d at 1213-14. At the "notice" stage the Court determines, based on pleadings and affidavits, whether notice of the action should be given to potential class members. *See id.* at 1213-14. The standard applied is a lenient one, usually resulting in "conditional certification" of a representative class, to whom notice is sent and who receive an opportunity to "opt in." *See id.* at 1214. The case then proceeds through discovery as a representative action. *See id.*

Typically, after the close of discovery the defendant files a motion for "decertification," thereby initiating the second stage. *See id.* At this stage the Court makes a factual determination, using the information gained from discovery, on whether the putative class members are similarly situated. *See id.* "If the class members are similarly situated, the district court allows the representative action to proceed to trial." *Id.* If not, the district court decertifies the class, dismisses without prejudice the opt-in plaintiffs, and allows the class representative(s) to proceed to trial on their individual claims. *See id.*

In determining whether there are other similarly situated individuals that justify notice, the Court must determine whether there are other employees "who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. Fla. Dept. of*

*Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Notice is appropriate when there is "a demonstrated similarity among the individual situations . . . some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]." *Crain v. Helmerich & Payne Int'l Drilling Co.*, Civ. No. 92-0043, 1992 WL 91946, (E.D. La. April 16, 1992) (quoting *Heagney v. European American Bank*, 122 F.R.D. 125, 127 (E.D.N.Y.1988)).  Plaintiffs need only show that their duties and pay provisions are similar, not identical. *See Grayson*, 79 F.3d at 1096;  accord, *Riojas v. Seal Produce*, *Inc.,* 82 F.R.D. 613, 616 (S.D. 1979).

Defendants argue that Plaintiffs have failed to identify either a particular policy or practice which allegedly violates the FLSA or any individuals who are similarly situated to Plaintiffs, and that the circumstances of this case warrant more intense scrutiny, even at the notice stage.  Defendants argue that "the fact that salaried employees are not paid overtime for work in excess of 40 hours in no way constitutes" evidence of a "decision, policy or plan" which violates the FLSA.  The Court agrees with this statement, but also agrees with the Plaintiffs' assertion that the fact that salaried employees are not paid overtime compensation when they are required to do the same tasks as non-salaried employees who receive overtime compensation is evidence of a "decision, policy or plan" which violates the FLSA.  The affidavits attached to Plaintiffs' motion indicate that each Plaintiff worked as a Branch Manager performing the same tasks that non-salaried employees perform.  This evidence is enough, in the Court's opinion, to satisfy the lenient requirements of the notice stage of the two stage process.

Defendants' second argument is that there is no evidence to suggest that the Plaintiffs' are similarly situated with any other Branch Managers.  Defendants maintain that Plaintiffs' boilerplate allegations that there are other Branch Managers with duties similar to theirs is not enough.  Rather,

Defendants maintain that, in order to meet their burden, Plaintiffs' should be required to identify other Branch Managers who are similarly situated and show some evidence of how the duties of these other individuals are or were similar to their own. To support this argument, Defendants cite *Hall v. Burk*, Civ. No. 301CV2487H, 2002 WL 413901 (N.D. Tex. March 11, 2002), and *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399 (E.D. Tex. 1999). Although both cases support the proposition that Plaintiffs must present more than just bare allegations that discrimination has occurred, the Court finds both cases distinguishable.

In *Hall*, the court determined that plaintiff's conclusory allegations that others were treated in a similar manner was not enough, by itself, to meet the standards for notice to a potential class. In this case, however, Plaintiffs provided the affidavits of eight different individuals, each of whom allege that they were not fairly compensated for their overtime hours. Additionally, more than twenty-five individuals have already joined the suit as named plaintiffs. This weighs in favor of the proposition that there are other similarly situated individuals who are, as yet, unaware of the suit. Similarly, the Court finds that *H&R Block* is distinguishable. In *H&R Block*, the court identified a number of factors that can be considered in determining whether substantial allegations that the putative class members were the victims of a single decision, policy, or plan infected by discrimination. The factors listed were whether potential plaintiffs had been identified, whether affidavits of potential plaintiffs had been submitted, and whether evidence of a widespread discriminatory plan was submitted. 186 F.R.D. at 400. In addition to the affidavits submitted, Plaintiffs' also provided copies of the same eight individuals pay stubs for various periods, showing that they were not credited for overtime on those particular paychecks. Plaintiffs' submit that they worked overtime on a regular basis and that at no time did they receive overtime compensation for the hours that they worked performing the same tasks as non-exempt employees. The Court finds that, at this stage in the proceedings, the affidavits and

6

evidence submitted are enough to support notice to potential class members.

The Court notes that  discovery may prove that Plaintiffs and the potential opt-ins are not similarly situated after all, in which case Defendants may move to "decertify" the class of Branch Managers, and the Court may dismiss the opt-in plaintiffs without prejudice.  *See Mooney*, 54 F.3d at 1213-14. Nonetheless, the fact that subsequent discovery may prove that the original plaintiffs and the opt-in plaintiffs are not, after all, "similarly situated" does not work against the original decision to facilitate notice. *See Schwed v. General Elec. Co.*, 159 F.R.D. 373, 375 (N.D.N.Y. 1995) ("[E]ven where later discovery proves the putative class members to be dissimilarly situated, notice . . . prior to full discovery is appropriate as it may further the remedial purpose of the [FLSA]."); *Krueger v. New York Tel. Co.*, 1993 WL 276058 at *2 (S.D.N.Y. July 21, 1993) ("[E]ven if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in this case."). Likewise, Defendants' argument relating to the possibly exempt status of the Branch Managers is more properly raised at summary judgment than at the notice stage.

The Court further notes that Defendants did not address the content of the notice proposed by the Plaintiffs', although it was submitted at the same time as the motion for notice to potential class members.  The Court is of the opinion that the notice, when it is sent out, should reflect any suggestions the Defendants may have regarding the wording of the notice.  Therefore, the Defendants shall have ten (10) days from the date of this order to file any suggestions they have regarding the content or wording of the notice proposed by the Plaintiffs,  or to indicate to the Court that they are satisfied with the notice as worded.

## Conclusion

The Court hereby authorizes notice to be sent to the following class of individuals:

all current and former branch managers (or their equivalents) employed by Hertz in its Southwest Region, comprised of Texas, Louisiana, and Mississippi, during the time period of September 1, 2000 to present who were not paid overtime, at time and a half, for hours worked in excess of forty in any given workweek.

Defendants shall have ten (10) days from the date of this order to submit any objections to the proposed notice to potential class members submitted by the Plaintiffs'.

It is so ORDERED.

Signed this 2nd day of August, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE